IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

In re:                                                                    Bankruptcy No. 13-51591-KMS

WILLIAM D. ANDERSON                                                                              Debtor

---

**AMENDED MEMORANDUM OF AUTHORITIES IN SUPPORT OF THE
MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

COMES NOW the Creditor Sherri Anderson and through counsel respectfully submits this Memorandum of Authorities in Support of the Motion for Relief From the Automatic Stay as follows:

## Introduction

Herein, the Creditor, through counsel seeks relief from the automatic stay provision, 11U.S.C.S. § 362 in the above referenced matter. The Creditor respectfully submits that the legal proceedings, which she seeks to renew and pursue are statutorily excluded from the automatic stay provision of the bankruptcy code. The Creditor seeks an order from this Court confirming her position, so that she may pursue a Motion for Contempt in the Chancery Court of Harrison County, Mississippi and not risk violation of the automatic stay provision.

## Brief Summary of the Facts and Procedural History

The Creditor, Sherri B. Anderson, and the Debtor/Defendant William D. Anderson were divorced in the Chancery Court of Hancock County, Mississippi, as evidenced by Judgment.[1] Incorporated by reference and attached to the Judgment of

---

[1] See Exhibit "A" to the Motion for Relief from the Automatic Stay.

Divorce is a Child Custody and Property Settlement Agreement.[2] Said document is notarized by the parties and filed with the office of the Chancery Clerk.[3]

The Child Custody Agreement and the Property Settlement Agreement

Material to the instant Motion, the Child Custody and Property Settlement Agreement (hereinafter "Agreement") included provision for certain financial obligations of the Debtor Mr. Anderson to his former wife, Ms. Anderson. Those include but are not necessarily limited to the following:

1. Child Support: The Agreement states that, "[William Anderson] will pay to child support [sic] to [Sherri B. Anderson] the amount of $1000.00 per month with said child support due on the 1st day of each and every month; [4]

2. Health Expenses: Husband will maintain the health insurance and upon proper notice, each party shall reimburse the other party for the costs of the medical expenses. [5]

3. The Marital Home: The Agreement states that, "Husaband shall have the exclusive use of the marital home at 127 Pitcher Point Avenue, Long Beach, Mississippi. [William Anderson] shall be responsible for the mortgage indebtedness, if any, on the marital home, and shall be responsible for the mortgage indebtedness, if an, on the marital home

---

[2] See Exhibit "B" to the Motion for Relief from the Automatic Stay.
[3] Id.
[4] See Exhibit "B" to the Motion for Relief from the Automatic Stay at p. 7, ¶ 8.
[5] See Exhibit "B" to the Motion for Relief from the Automatic Stay at p. 7, ¶ 9.

2

and shall be responsible for all taxes and insurance on the property and shall hold [Sherri B. Anderson] harmless there from;[6]

4. Marital Debts: The PSA states the "[William Anderson] shall be responsible for the following marital debts and [William Anderson] agrees to indemnify and hold [Sherri Anderson] harmless there from: Home mortgage; Citifinancial, SBA Loan; Lowe's; Hancock Bank Handyline Balance; and Sallie Mae and his own personal debts not listed herein.[7]

The Bankruptcy Filing

On or about August 19, the debtor filed a Chapter 7 voluntary petition. See Docket Entry 1. Therein, the Debtor made several material misrepresentations, which bear upon the Child Custody Agreement and Property Settlement Agreement. Most notably, the Debtor completed and filed a Schedule H, checking that there are no other co-debtors. The instruction to Schedule H clearly indicate that the Debtor is to notify the Court if any other person is, "also liable on any debts listed by the debtor in the schedules of creditors."[8] However, elsewhere, in Schedule F, the Debtor listed several debts to medical providers. These include but are not limited to Dr. Scott Gioe, M.D. and Frigo Orthodontics.[9] These medical providers are health care providers who have provided medical care for the minor children, and thus, the Debtor and Sherri B. Anderson are jointly liable for those debts. The movant, Sherri B. Anderson is clearly a co-debtor to those debts. Sherri D. Anderson vigorously

---

[6] See Exhibit "B" to the Motion for Relief from the Automatic Stay at p. 9, ¶ 15.
[7] See Exhibit "B" to the Motion for Relief from the Automatic Stay at p. 9, ¶ 14.
[8] See Exhibit "C" to the Motion for Relief from the Automatic Stay.
[9] See Exhibit "D" to the Motion for Relief from the Automatic Stay.

3

disputes the amount of the debts owed. In addition to the medical bills owed for the care of his children, the Debtor also lists debts to which Sherri D. Anderson would be liable were the Court to permit discharge. Additionally, the Debtor fraudulently submitted Schedule E, therein failing to check domestic support obligations for which he is in arrears.

## Argument

It is axiomatic that the automatic stay provision of 11 U.S.C.S. § 362 does not apply to the commencement or continuation of a civil proceeding, "for the establishment or modification of an order for domestic support obligations;" or concerning child custody or visitation."[10] The Fifth Circuit Court of Appeals, reviewed an order of a Texas bankruptcy court lifting the stay and subsequently affirmed by the District Court.[11] The Fifth Circuit affirmed the decision of both the Bankruptcy Court and the District Court, stating that:

> It is without dispute that Texas Courts, *like the courts of other states*, routinely make temporary support orders regarding the payment of expenses, including mortgage payments. This is especially so in cases such as the instant case where the party receiving support is the primary custodian of the minor children of the marriage sought to be dissolved. Pursuant to 362(b)(A), which specifically exempts actions for the collection of maintenance, the automatic stay provision did not apply to the support order. Therefore, the bankruptcy court did not abuse its discretion in lifting the stay to allow enforcement under the order.[12]

*In re Chun* is factually similar to the instant case. In *Chun*, the party seeking to lift the automatic stay sought her relief in order to return to state court to enforce an

---

[10] 11 U.S.C.S. § 362(b)(2)(A).
[11] See *Chunn v. Chunn (In re Chunn)* 106 F.3d 1239 (5th Cir. 1997).
[12] *Id.* at 1242(emphasis added).

4

order of support, as does the movant, Sherri Anderson, in her motion. Ms. Anderson, like the wife Ms. Chun, was the primary custodian of minor children. Ms. Anderson, like Ms. Chun seeks to enforce payment for certain necessities of living. Ms. Chun sought to enforce payment for her mortgage; Ms. Anderson seeks to enforce payment for medical services, among other relief. As in the case of *In re Chun,* the debtor seeks to avoid these obligations by virtue of a discharge in bankruptcy. Admittedly, there are distinctions. *In re Chun* addressed the lifting of the stay so as to enforce a temporary order of support where here, the movant seeks to lift the stay to enforce a permanent order. However, the undersigned respectfully submits that the enforcement of a permanent state court order for child support and property division deserves the same (if not greater) force of law.

## CONCLUSION

For the reasons submitted herein, the Creditor respectfully submits that certain debts, which the Debtor seeks to discharge in his bankruptcy are not dischargeable, are due and owing under a child support agreement and divorce decree. For these reasons, she respectfully requests that this Court enter an Order relieving her from automatic stay for the limited purpose of renewing and pursuing her claims in Chancery Court.

RESPECTFULLY SUBMITTED this the 2nd day of April, 2014.

CREDITOR, SHERRI ANDERSON

*/s/Edward Gibson*
BY: EDWARD GIBSON, ESQ., MSB# 100640
HAWKINS | GIBSON, PLLC
153 Main Street
Bay St. Louis, MS 39520
(228) 467-4225; Fx: (228) 467-4212

\\

## CERTIFICATE OF SERVICE

I DO HEREBY CERTIFY that on this day I caused to be served via U.S. First Class Mail, postage prepaid, a true and correct copy of the foregoing *Memorandum of Authorities in Support of Motion for Relief from Automatic Stay* to all known parties of record as indicated below.

    William D. Anderson
    16208 Henri Court
    Biloxi, MS 39532

SO CERTIFIED, this the 2nd day of April, 2014.

                                       */s/ Edward Gibson*
                                       Edward Gibson, Esq.